IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRYAN BLAKE NICHOLS | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv338 |
| GREGG COUNTY SHERIFF'S DEPT. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Bryan Blake Nichols, proceeding *pro se* and *in forma pauperis*, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during a stay in the Gregg County Jail. (Dkt. #1.) The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Dkt. #2.)

On September 12, 2022, the Court observed that Plaintiff's original complaint suffered from several defects that needed to be addressed before his lawsuit could proceed. (Dkt. #6.) Accordingly, the Court gave him thirty days to file an amended complaint in order to identify viable defendants and to allege the specific facts necessary to support his claims. (*Id.*) After receiving a notice of change of address from Plaintiff, the Court re-mailed that order to Plaintiff at his new address on October 4, 2022, and he received it on October 6, 2022. (Dkt. ##9, 10.) Plaintiff did not comply with the order and has taken no further action since that date to prosecute this case.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order

is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with an Order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 30th day of November, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE